**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| KEITH M. SCHUELLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.: N14C-10-201 EMD |
| | ) | |
| BRETT CORDREY, individually and in | ) | |
| his capacity as a DELAWARE STATE | ) | |
| TROOPER, the STATE of DELAWARE, | ) | |
| and the DEPARTMENT of PUBLIC | ) | |
| SAFETY-DIVISION of STATE POLICE | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER (i) GRANTING DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT AND (ii) DENYING
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

1.       This case arises out of the shooting of Keith Schueller by Delaware State Police Trooper Brett Cordrey on February 19, 2013.  Mr. Schueller sues Trooper Cordrey individually and in his representative capacity as a Delaware State Trooper.  Mr. Schueller also brings claims against the State of Delaware and the Department of Public Safety-Division of State Police (collectively with Trooper Cordrey, the "Defendants") under a theory of *respondeat superior*. Mr. Schueller asserts claims for battery, negligence, gross negligence, intentional infliction of emotional distress, and excessive force under Article I, Section 6 of the Delaware Constitution.

2.       On February 3, 2017, the Court held a pretrial conference (the "February 3, 2017 pretrial conference") and heard argument on a number of outstanding motions, including the Defendants' Motion for Partial Summary Judgment (the "Defendants' Motion") and the Plaintiff's Motion for Partial Summary Judgment (the "Plaintiff's Motion").  The Defendants' Motion seeks summary judgment on Mr. Schueller's claims of negligence and excessive force. Through the Plaintiff's Motion, Mr. Schueller moves for summary judgment on his claims of

gross negligence and excessive force. After the hearing, the Court permitted Mr. Schueller to file supplemental briefing on the issue of whether the Court should create a new cause of action for excessive force under Article I, Section 6 of the Delaware Constitution. Mr. Schueller filed his supplemental brief on February 8, 2017. The Defendants filed their supplemental response on February 10, 2017.

On this 13th day of February, 2017,

**IT IS HEREBY FOUND AND DETERMINED** that, for all the reasons stated on the record at the February 3, 2017 pretrial conference, the Court cannot grant the Plaintiff's Motion because, after viewing the record in a light most favorable to the Defendants (the non-moving parties), genuine issues of material fact regarding the shooting exist with respect to the gross negligence and excessive force claims.

**IT IS HEREBY FURTHER FOUND AND DETERMINED** that at the February 3, 2017 pretrial conference, Mr. Schueller conceded that summary judgment is appropriate on the negligence claim.

**IT IS HEREBY FURTHER FOUND AND DETERMINED** that the Court will not extend *Bivens* liability to create a new cause of action for damages under Article I, Section 6 of the Delaware Constitution.

**IT IS HEREBY FURTHER FOUND AND DETERMINED** that aside from two decisions, the United States Supreme Court has "consistently refused to extend *Bivens* liability to any new context or category of defendants,"[1] and has rejected the claim that a *Bivens* remedy

---

[1] *Corr. Serv. Corp. v. Malesko*, 534 U.S. 61, 68 (2001) (citing *Carlson v. Green*, 446 U.S. 14, 15 (1980) (allowing action against federal officer for violation of Eighth Amendment for failure to provide proper medical attention to a federal inmate); *Davis v. Passman*, 442 U.S. 228, 229 (1979) (allowing action against federal officer for violation of Fifth Amendment for sex discrimination against a congressional employee)).

should be implied "simply for want of any other means for challenging a constitutional deprivation in federal court."[2]

**IT IS HEREBY FURTHER FOUND AND DETERMINED** that *Bivens* cautioned against creating a new cause of action where there are "special factors counseling hesitation," including whether: (i) there are alternative remedies available, (ii) the remedy would have a fiscal impact, and (iii) the remedy is more appropriately addressed by the legislature.[3]

**IT IS HEREBY FURTHER FOUND AND DETERMINED** that the facts of this case do not warrant creating a new cause of action for excessive force under Article I, Section 6 of the Delaware Constitution because: (i) Mr. Schueller has alternative remedies available to him through a common law tort action for battery or gross negligence, both of which allow Mr. Schueller the opportunity to recover damages for the unlawful or excessive use of force, and Mr. Schueller has brought these common law tort claims against Defendants, (ii) unlike *Bivens*, there is no state statute similar to section 1983 of the Civil Rights Act that already exists to define the scope of this new cause of action and its limits, (iii) creating a new cause of action under Article I, Section 6, which does not mention excessive force or the requirements for bringing such a cause of action, could impose huge financial burdens on municipal, local, and state government entities by opening them up to lawsuits for damages which lack defined boundaries, and (iv) the Court believes the Delaware State Legislature is the entity best suited to create a new cause of action in this instance.[4]

---

[2] *Schweiker v. Chilicky*, 487 U.S. 412, 421–22 (1988).

[3] *See Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 91 S.Ct. 1999, 2005 (1971).

[4] In *Jones v. City of Philadelphia*, the Pennsylvania Commonwealth Court refused to recognize a private excessive force cause of action under Article I, Section 8 of the Pennsylvania Constitution because: (i) there were alternative remedies available to the plaintiff, (ii) there was no state statute similar to Section 1983 to guide its implementation and interpretation of this new cause of action, (iii) there would be a huge financial burden to state government agencies, and (iv) the legislature is in a better position to weigh the competing policy rationales for creating a new cause of action. 890 A.2d 1188 (2006). The Court views *Jones* as highly persuasive authority because it interprets the same legal question based on language in the Pennsylvania Constitution, language which Delaware later adopted

3

**IT IS HEREBY ORDERED** that Defendants' Motion on the negligence and excessive force claims is **GRANTED**.

**IT IS HEREBY FURTHER ORDERED** that Plaintiff's Motion on the gross negligence and excessive force claim is **DENIED**.

Dated: February 13, 2017
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

cc:     Steven Norman, Esq.
       Michael McTaggart, Esq.

---

and implemented when drafting the section of the Delaware Constitution at issue in this litigation. *See Jones v. State*, 745 A.2d 856, 866 (Del. 1999) (reaching the same conclusion as did the Pennsylvania courts but with regard to the search and seizure provision in the Delaware Constitution, "based upon [the Delaware Constitution's] historical convergence for more than two hundred years with the same provision in the Pennsylvania Constitution").